IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| FAIR HOUSING CENTER OF CENTRAL INDIANA, INC., and JENNIFER AND BENJAMIN HENDRICKSON, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:14-cv-00058 |
| | ) | |
| BROOKFIELD FARMS HOMEOWNERS' ASSOCIATION, | ) ) | |
| | ) | JURY TRIAL REQUESTED |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES

**Introductory Statement**

1.    The Wabash Center is a non-profit organization that offers a variety of services to persons with developmental disabilities.  It reached an agreement with the sellers— Jennifer and Benjamin Hendrickson ("the Hendricksons")—to purchase a house located within the Brookfield Farms sub-division in Lafayette, Indiana.  However, upon learning that the house would be used as a "group home" for three (3) unrelated adults with disabilities, the Brookfield Farms Homeowners' Association ("Association") (which governs the sub-division) determined that the sale would violate a restrictive covenant limiting houses within the sub-division to single-family usage.  This determination, coupled with the threat of litigation at any time in the future, caused the Wabash Center to decide against closing on the property.  The Association thus refused to make necessary accommodations in rules, policies, practices, or services and also interfered with the exercise or enjoyment of protected rights, both in violation of the Fair Housing

1

Act, 42 U.S.C. § 3601, *et seq.* The plaintiffs—an advocacy organization that has been forced to expend limited resources combating the Association's discrimination, as well as the sellers of the house in question—are entitled to their damages.

**Jurisdiction, Venue, and Cause of Action**

2. This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

4. Declaratory relief is authorized by Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202.

5. This action is brought pursuant to the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*

**Parties**

6. The Fair Housing Center of Central Indiana, Inc. is a non-profit organization with its primary place of business in Marion County, Indiana.

7. Jennifer and Benjamin Hendrickson are adult residents of Tippecanoe County, Indiana.

8. The Brookfield Farms Homeowners' Association is a homeowners' association that governs the Brookfield Farms sub-division in Tippecanoe County, Indiana.

**Factual Allegations**

9. Brookfield Farms is a sub-division located in Lafayette, Indiana, that contains ninety-two (92) residential addresses. It is governed by the Brookfield Farms Homeowners' Association ("the Association").

10. Benjamin and Jennifer Hendrickson are the current owners of a house located at 5115 Flatlake Court within the Brookfield Farms subdivision. They have resided at that location for nearly seven (7) years.

11.     On or about January 1, 2014, the Hendricksons placed the house located at 5115 Flatlake Court on the market.

12.     An offer was made on the property by the Wabash Center, and that offer was accepted. A closing date was originally scheduled for May 7, 2014.  The amount agreed upon by the Hendricksons and the Wabash Center was greater than the Hendricksons might reasonably expect to receive from another purchaser.  This is because the property requires some repairs and the Wabash Center has persons on staff who can perform repairs themselves.

13.     The Wabash Center is a non-profit organization that offers a variety of services to children and adults with developmental disabilities.  It planned to use the house located at 5115 Flatlake Court as the home and residence for three (3) persons with developmental disabilities with caretakers who visit the residence.  It believes that enabling its residents to live within a community of disabled and nondisabled neighbors will increase their independence, integration, and self-sufficiency.

14.     The adults with developmental disabilities that would have resided in the house located at 5115 Flatlake Court if the sale to the Wabash Center was finalized are persons with a handicap within the meaning of the Fair Housing Act.

15.     The Brookfield Farms sub-division (and residents thereof) is governed by a Declaration of Covenants, Conditions, Commitments, Restrictions, Easements, and Assessments ("Covenants"), a true and correct copy of which is attached and incorporated herein as **Exhibit 1**.  Article II(A) of the Covenants states, in pertinent part, as follows: "Each numbered Lot in the Development shall be a residential lot and shall be used exclusively

for single family residential purposes.  No structure shall be erected, placed or permitted to remain upon any Lot except a single-family Dwelling Unit."

16.    Upon learning of the Wabash Center's intent to use the house located at 5115 Flatlake Court as a residence for persons with developmental disabilities, on April 17, 2014 the Association, by its counsel, sent a letter informing the Wabash Center as follows:

> This is to confirm that the Brookfield Farms Homeowners Association has resolved that the purchase of the house at 5115 Flatlake Drive by Wabash Center is in violation of existing covenants.

A true and correct copy of this letter is attached and incorporated herein as **Exhibit 2**.

17.    In response to this letter and the Association's position that the sale of the house to the Wabash Center would violate the Covenants, the Hendricksons (by their counsel) sent an e-mail to the Association (by its counsel) on April 24, 2014 expressing their opinion that the Association's position was contrary to law.  A true and correct copy of this e-mail is attached and incorporated herein as **Exhibit 3**.

18.    The Fair Housing Center of Central Indiana, Inc. ("FHCCI") is a non-profit advocacy organization that was incorporated in 2011.  Its mission is to ensure equal housing opportunities in Indiana by eliminating housing discrimination through advocacy, enforcement, education, and outreach.  In order to advance its mission, FHCCI performs public education and outreach activities concerning fair housing laws so that people recognize and report problems and understand their responsibilities under the Fair Housing Act.  It also engages in enforcement activities, including contacting alleged violators and referring persons to appropriate agencies, in order to eliminate unlawful discriminatory practices.

19.  Upon learning of the Association's position that the sale the house to the Wabash Center would violate the Covenants, FHCCI sent an e-mail to the president of the Association on April 28, 2014.  In this e-mail, FHCCI indicated that "it appears that any denial of sale of the home to the Wabash Center for its intent to be used as a group home for three adults with disabilities could be viewed as discrimination under the federal Fair Housing Act." FHCCI then requested that the Association reconsider its position and that it respond to the e-mail within seven (7) days.  Receipt of this e-mail was acknowledged by a member of the Association's board.  A true and correct copy of this e-mail is attached and incorporated herein as **Exhibit 4**.

20.  On May 6, 2014, the Association (by its counsel) sent a letter to the Wabash Center indicating as follows:

> The members of the Board of Directors of the [Association] convened yesterday at a special meeting and resolved to refrain from legal action to block the sale of . . . 5115 Flatlake Court in Lafayette, Indiana.  Pursuant to the [Covenants], the Association "has the right, but not the obligation, to act on behalf of any Owner or Owners seeking enforcement of the Covenants . . . ."
>
> Be advised, however, that the Association has no authority to bar individual Owners from seeking injunctive or other relief under the fee-shifting provision recited in the [Covenants].  Nor does it appear that the Association may bar future action by any party under the "Delay or Failure to Enforce" provision of the [Covenants]. . . .
>
>            \*          \*          \*
>
> In closing, be advised that it remains my opinion that the restrictions in Art. II(a) of the [Covenants] stating, inter alia, that each lot "shall be a residential lot and shall be used exclusively for single family residential purposes," is not discriminatory. . . .  Families with persons who suffer disabilities have been residents of the Brookfield Farms Subdivision for many years, and neither the Association, nor any homeowner thereof to my knowledge, has ever raised any issue as to persons with disabilities being anything but welcome members of the neighborhood.  The issue has always been the introduction of group homes and the legal rights and duties of the respective parties.

A true and correct copy of this letter is attached and incorporated herein as **Exhibit 5**.  As of the date of this filing, neither FHCCI nor the Hendricksons have received a separate response to their respective communications with the Association.

21.   Given the Association's position that the sale of the house located at 5115 Flatlake Court to the Wabash Center would violate the Covenants, the Wabash Center was not willing to close on the property absent a firm commitment from the Association, including the formal rescission of its April 17th letter, that this transaction is not deemed violative of the Covenants and/or that Article II(A) of the Covenants is not deemed enforceable as it pertains to this transaction.  After all, it does not wish to commit hundreds of thousands of dollars—as well as time, staff, and other resources—to a property from which the Association or other persons may seek to evict it (and may seek to recover their attorneys' fees) at any point in the future.   The Association did not provide this commitment and, instead, its statements are directly to the contrary.

22.   The Association's refusal to provide the requested assurances so as to permit the Wabash Center to finalize its purchase of the house located at 5115 Flatlake Court constitutes a refusal to make necessary accommodations in rules, policies, practices, or services, when such accommodations are necessary to afford persons with disabilities equal opportunity to use and enjoy a dwelling.  It also constitutes the intimidation or interference with the exercise or enjoyment of rights granted by the Fair Housing Act.

23.   Providing these assurances and allowing the Wabash Center to purchase the house located at 5115 Flatlake Court without threat of future coercive action would not have imposed any burden or expense, let alone an undue one, on the Association, nor would it

have created a fundamental alteration in the Association's services or in the sub-division itself.

24.     As a result of the Association's position with respect to the sale of the house to the Wabash Center, FHCCI has been forced to expend resources in order to investigate the Association's actions and to advocate on behalf of its mission and on behalf of the Wabash Center and its would-be residents.  The resources that FHCCI has expended and will continue to expend concerning the Association's position have necessarily been diverted from other projects about which FHCCI is concerned.

25.     Thus, FHCCI has suffered injury-in-fact within the meaning of *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982).

26.     After the Wabash Center decided against closing on the house located at 5115 Flatlake Court, the Hendricksons were informed by their real estate agent that they could not relist their property until they signed a "mutual release" with the Wabash Center.  They did so, and the property has been relisted.  However, because the Hendricksons purchased another property in anticipation of the sale of their house to the Wabash Center, they have been required to pay additional costs associated with owning multiple properties.

27.     As a result of the actions or inactions of the Association, all plaintiffs have suffered damages.

**Jury Trial Demand**

28.     The plaintiffs demand a trial by jury on all issues so triable.

**Legal Claim**

7

29.     The defendant's refusal to make necessary alterations to its Covenants or to interpret those covenants in a manner that would permit the Wabash Center to operate within the sub-division violates the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*

**Request for Relief**

**WHEREFORE,** the plaintiffs respectfully request that this Court do the following:

1.     Accept jurisdiction of this cause and set it for hearing.

2.     Declare that the defendant has violated the rights of the plaintiffs for the reasons described above.

3.     Award the plaintiffs their actual damages.

4.     Award the plaintiffs their costs and attorneys' fees pursuant to 42 U.S.C. § 3613(c)(2) and any other applicable statute.

5.     Award all other proper relief.

*/s/ Gavin M. Rose*
Gavin M. Rose, No. 26565-53
ACLU of Indiana

*/s/ Kelly R. Eskew*
Kelly R. Eskew, No. 22953-49
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
grose@aclu-in.org
keskew@aclu-in.org

*Attorneys for the plaintiffs*