# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| FAIR HOUSING CENTER OF CENTRAL INDIANA, INC., JENNIFER HENDRICKSON, and BENJAMIN HENDRICKSON,<br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>BROOKFIELD FARMS HOMEOWNERS' ASSOCIATION,<br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>) CAUSE NO.: 4:14-CV-58-PPS-JEM<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on a Plaintiffs' Motion to Permit Use and Filing of Pre-Litigation Correspondence between Attorneys [DE 19], filed by Plaintiffs on February 5, 2015. Defendant filed a response on February 7, 2015, and on March 4, 2015, Plaintiffs filed a reply.

Plaintiffs request that they be permitted to file and rely on pre-litigation correspondence between lawyers for non-party Wabash Center and for Defendant Brookfield Farms Homeowners' Association, correspondence that was filed as an attachment to the Complaint. Defendant, who has not filed a motion to strike, argues that the correspondence should be stricken from the pleadings as contrary to the Federal Rules of Civil Procedure.

### I.    Background

In their Complaint, Plaintiffs allege that Defendant, a homeowners' association, violated the Fair Housing Act by refusing to make necessary accommodations to allow the Wabash Center, a non-profit organization, to purchase a property from Plaintiffs Jennifer and Benjamin Hendrickson and operate a group home for three unrelated adults with disabilities. Plaintiffs attached to the Complaint correspondence between Plaintiffs, Defendant, and the Wabash Center laying out the

parties' respective positions on the proposed group home as it related to Defendant's covenants and the Fair Housing Act. In their Answer, Defendant included as an affirmative defense a statement that the correspondence "should be stricken" as inconsistent with the Standards for Professional Conduct within the Seventh Federal Judicial Circuit, Rule 30 of the Lawyers' Duties to Other Counsel.

## II. Analysis

As an initial matter, the Court notes that there is no pending motion to strike. The arguments are therefore premature, and the instant Motion does not seek any specific relief that can be granted. To the extent that Defendant intends its response as a motion to strike, although the Court does not so construe it, *see* N.D. Ind. L.R. 7-1(a), the Court will briefly address Defendant's contentions.

Federal Rule of Civil Procedure 12(f) provides, in relevant part, that "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Since motions to strike are generally disfavored, "a court ordinarily will not strike a matter unless the court can confidently conclude that the portion of the pleading to which the motion is addressed is redundant or is both irrelevant to the subject matter of the litigation and prejudicial to the objecting party." *Fed. Nat'l Mortgage Ass'n v. Cobb*, 738 F. Supp. 1220, 1224 (N.D. Ind.1990), cited in *Vician v. Wells Fargo Home Mortg.*, No. 2:05-CV-144, 2006 WL 694740, *10 (N.D. Ind. Mar. 16, 2006); *see also Heller v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *Cumis Ins. Soc'y Inc. v. Peters,* 983 F. Supp. 787, 798 (N.D. Ill. 1997).

In its affirmative defenses, Defendant asserts that the correspondence violates the Lawyers' Duties to Other Counsel laid out in the Standards for Professional Conduct within the Seventh Federal Judicial Circuit. Rule 30 of that section provides, "Unless specifically permitted or invited by the court, we will not send copies of correspondence between counsel to the court." The Court

cannot conclude that attaching to the Complaint the communication that identifies the source of the disagreement between the parties is "sending" copies of counsel correspondence within the meaning of Rule 30. *See, e.g., Loparex, LLC v. MPI Release Technologies, LLC*, No. 1:09-CV-01411-JMS, 2012 WL 6094141, at *9 (S.D. Ind. Dec. 7, 2012) ("Defendants did not 'send' copies of the letters and email messages to the Court, but rather attached them as exhibits to a motion which related to their claim of [plaintiff]'s counsel's unprofessional conduct. The Court does not believe that the language or intent of Rule 30 prohibits the [] Defendants' submission of that correspondence in this context."). Despite Defendant's contentions, the correspondence does not form statements in the context of settlement negotiations, as no suit had been filed or contemplated at the time of the writing. Likewise, particularly as Defendant admitted the authenticity of the documents in its Answer, there is no concern that Plaintiffs are ascribing a position to Defendant or Defendant's counsel. Nor is there any assumption that the content of attachments is true, although they can be useful to demonstrate the allegations. *See, e.g.*, *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 455 (7th Cir. 1998) ("Rather than accepting every word in a unilateral writing by a defendant and attached by a plaintiff to a complaint as true, it is necessary to consider why a plaintiff attached the documents, who authored the documents, and the reliability of the documents."); *Core v. Champaign Cnty. Bd. of Cnty. Comm'rs*, No. 3:11-CV-166, 2012 WL 3073418, at *3 (S.D. Ohio July 30, 2012) (concluding "that 'considering' the attachments [to the Complaint] does not necessarily mean that all statements set forth therein must be accepted as true" where "pre-litigation correspondence authored by Defense counsel was attached to the original complaint simply to evidence the [defendant]'s rejection of Plaintiff s requested accommodations and to evidence the actual accommodations offered by the [defendant]"). In short, the attachments

are not redundant, irrelevant to the subject matter of the litigation, or prejudicial to Defendant, and therefore should not be stricken pursuant to Federal Rule of Civil Procedure 12(f).

### III.     Conclusion

For the foregoing reasons, the Court hereby **DENIES as moot** the Plaintiffs' Motion to Permit Use and Filing of Pre-Litigation Correspondence between Attorneys [DE 19].

SO ORDERED this 6th day of July, 2015.

                                              s/ John E. Martin
                                              MAGISTRATE JUDGE JOHN E. MARTIN
                                              UNITED STATES DISTRICT COURT

cc:     All counsel of record